IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA PHARMACEUTICAL CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. _____ |
| | ) |
| SANDOZ INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Otsuka Pharmaceutical Co., Ltd. ("Otsuka"), files this complaint for patent infringement against Defendant Sandoz Inc. ("Sandoz" or "Defendant"), and, in support thereof, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of U.S. Patent No. 10,905,694 ("the '694 Patent") arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* and for a declaratory judgment of infringement of U.S. Patent No. 8,273,735 ("the '735 Patent") (collectively, the "Patents-in-Suit") under 35 U.S.C. § 100 *et seq.*, and 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of Sandoz's submission of an Abbreviated New Drug Application ("ANDA") No. 220654 ("Sandoz's ANDA") under § 505(j) of the Federal Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to commercially manufacture, use, offer for sale and sell in the United States, and/or import into the United States, tolvaptan tablets (15, 30, 45, 60, and 90 mg) ("Sandoz's ANDA Products") prior to the expiration of the Patents-in-Suit.

## PARTIES

3.     Otsuka is a corporation organized and existing under the laws of Japan with its corporate headquarters at 2-9 Kanda Tsukasa-machi, Chiyoda-ku, Tokyo, 101-8535, Japan. Otsuka is engaged in the research, development, manufacture and sale of innovative pharmaceutical products.

4.     On information and belief, Sandoz is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 100 College Road West, Princeton NJ 08540.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.     This Court has personal jurisdiction over Sandoz.

7.     Upon information and belief, Sandoz, itself and through its subsidiaries and agents, is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products; directly or indirectly develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district; and has purposefully conducted and continues to conduct business in this judicial district and this judicial district is a likely destination of Sandoz's ANDA Products.

8.     Sandoz's ANDA filing regarding the Patents-in-Suit relates to this litigation and is substantially connected with this judicial district because it reliably predicts Sandoz's intent to market and sell Sandoz's ANDA Products in this judicial district.

9.     Sandoz has taken the significant step of applying to the FDA for approval to engage in future activities, including the marketing of its generic drugs, which, upon information and

belief, will be purposefully directed at the District of Delaware and elsewhere throughout the United States. Upon information and belief, Sandoz intends to direct sales of its generic drugs in this judicial district, among other places, once Sandoz receives the requested FDA approval to market its generic products. Upon information and belief, Sandoz will engage in marketing of its proposed generic products in Delaware upon approval of its ANDA.

10. This Court has personal jurisdiction over Sandoz at least because, on information and belief, Sandoz is a corporation organized and existing under the laws of the State of Delaware.

11. Venue is proper as to Sandoz in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Sandoz is incorporated in Delaware.

## OTSUKA'S JYNARQUE®

12. Otsuka is the holder of the New Drug Application ("NDA") No. 204441 for JYNARQUE® tablets in 15, 30, 45, 60, and 90 mg dosage forms ("JYNARQUE® tablets").

13. The FDA approved NDA No. 204441 on April 23, 2018.

14. JYNARQUE® tablets are prescription drugs used to slow kidney function decline in adults who are at risk for rapidly progressing autosomal dominant polycystic kidney disease ("ADPKD").

## THE PATENTS-IN-SUIT

15. The '694 Patent, entitled "Pharmaceutical Solid Preparation Comprising Benzazepines and Production Method Thereof," was duly and legally issued on February 2, 2021. A true and correct copy of the '694 Patent is attached hereto as Exhibit A.

16. The '694 Patent claims pharmaceutical solid preparations obtained by particular methods.

17. The '694 Patent is owned by Otsuka and is listed in the Orange Book in connection with NDA No. 204441 for JYNARQUE® tablets.

18. According to the Orange Book, the '694 Patent expires on April 7, 2030.

19. The '735 Patent, entitled "Process for Preparing Benzazepine Compounds or Salts Thereof" was duly and legally issued on September 25, 2012. A true and correct copy of the '735 Patent is attached hereto as Exhibit B.

20. The '735 Patent claims processes for preparing novel benzazepine compounds.

21. The '735 Patent is owned by Otsuka.

22. The '735 patent expires on August 14, 2028.

## SANDOZ'S ANDA

23. Upon information and belief, Sandoz submitted ANDA No. 220654 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, offer for sale or sale in the United States, or importation into the United States, of Sandoz's ANDA Products, which are generic versions of JYNARQUE®.

24. Upon information and belief, ANDA No. 220654 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), alleging that no valid, enforceable claim of the '694 Patent will be infringed by Sandoz's ANDA Products.

25. Otsuka received a letter sent by Sandoz, dated January 21, 2026, purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 220654 ("Sandoz's Notice Letter") pursuant to § 505(j)(2)(B) of the FDCA and 21 C.F.R. § 314.95. Sandoz's Notice Letter notified Otsuka that Sandoz had filed ANDA No. 220654, seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Products before the expiration of the Patents-in-Suit.

26. Otsuka commenced this action within 45 days of receipt of Sandoz's Notice Letter.

## COUNT I

## INFRINGEMENT OF THE '694 PATENT

27. Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

28. Upon information and belief, Sandoz submitted to the FDA ANDA No. 220654 seeking approval to commercially manufacture, use, offer to sell and/or sell Sandoz's ANDA Products in the United States, or import them into the United States, before the expiration of the '694 Patent.

29. Upon information and belief, Sandoz submitted to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '694 Patent are invalid, unenforceable and/or not infringed.

30. Upon information and belief, in its ANDA No. 220654, Sandoz has represented to the FDA that Sandoz's ANDA Products are pharmaceutically and therapeutically equivalent to Otsuka's JYNARQUE® tablets.

31. Sandoz has actual knowledge of Otsuka's '694 Patent.

32. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed one or more claims of the '694 Patent, including at least claim 1, by submitting, or causing to be submitted, to the FDA ANDA No. 220654, seeking approval to commercially manufacture, use, offer to sell or sell Sandoz's ANDA Products, and/or import them into the United States, before the expiration date of the '694 Patent.

33. Upon information and belief, if ANDA No. 220654 is approved, Sandoz intends to and will offer to sell and sell in the United States, and/or import into the United States, Sandoz's ANDA Products.

34. Upon information and belief, if ANDA No. 220654 is approved, Sandoz will infringe one or more claims of the '694 Patent, including at least claim 1, under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Sandoz's ANDA Products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 220654 shall be no earlier than the expiration of the '694 Patent and any additional periods of exclusivity.

35. Otsuka will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

36. Otsuka does not have an adequate remedy at law.

## COUNT II

### DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '735 PATENT UNDER 35 U.S.C. § 271(g)

37. Otsuka incorporates each of the preceding paragraphs as if fully set forth herein.

38. A definite and concrete, real and substantial, justiciable controversy of sufficient immediacy and reality exists between Otsuka and Sandoz regarding infringement of the '735 Patent.

39. Sandoz has made and will continue to make substantial and meaningful preparations to import into the United States and/or to use, offer to sell, and/or sell within the United States a product which is made by a process patented by the '735 Patent prior to the expiration of that patent.

40. Sandoz's actions, including, but not limited to, the filing of ANDA No. 220654 and systematically attempting to meet the applicable regulatory requirements for approval of ANDA No. 220654 indicate a refusal to change its course of action.

41. Upon information and belief, Sandoz's importation into the United States and/or use, offer for sale, and/or sale in the United States of Sandoz's ANDA Products prior to the expiration of the '735 Patent would infringe at least claims 6-8 and 10 of the '735 Patent under 35 U.S.C. § 271(g).

42. Upon information and belief, Sandoz had actual and constructive notice of the '735 Patent prior to the filing of ANDA No. 220654 seeking approval of Sandoz's ANDA Products.

43. Otsuka should be granted a judicial declaration that the importation into the United States and/or the use, offer for sale, and/or sale in the United States of Sandoz's ANDA Products will constitute infringement of the '735 Patent under 35 U.S.C. § 271(g).

44. Otsuka will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

45. Otsuka does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Otsuka respectfully requests the following relief:

A. The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Sandoz has infringed at least one claim of the '694 Patent by Sandoz's submission of ANDA No. 220654 to the FDA seeking approval to manufacture, use, offer to sell and/or sell Sandoz's ANDA Products in the United States, and/or import them into the United States, before the expiration of the '694 Patent;

B. The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Sandoz's making, using, offering to sell, selling or importation of Sandoz's ANDA Products before the expiration of the '694 Patent will infringe, actively induce infringement and/or contribute to the infringement of the '694 Patent under 35 U.S.C. § 271(a), (b) and/or (c);

C. The issuance of an order that the effective date of any FDA approval of Sandoz's ANDA Products shall be no earlier than the expiration date of the '694 Patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

D. The entry of a preliminary and permanent injunction, enjoining Sandoz and all persons acting in concert with Sandoz from commercially manufacturing, using, offering for sale or selling Sandoz's ANDA Products within the United States, or importing Sandoz's ANDA Products into the United States, until the expiration of the '694 Patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E. The entry of a preliminary and permanent injunction, enjoining Sandoz and all persons acting in concert with Sandoz from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '694 Patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F. The entry of judgment declaring that the importation into the United States and/or the use, offer for sale, and/or sale in the United States of Sandoz's ANDA Products would constitute infringement of the '735 Patent by Sandoz pursuant to 35 U.S.C. § 271(g);

G. A judgement permanently enjoining Sandoz and all persons acting in concert with Sandoz from importing into the United States and/or using, offering to sell, or selling in the United States the Sandoz ANDA Products until after expiration of the '735 Patent;

H. The issuance of a declaration that this is an exceptional case and an award to Otsuka of its costs, expenses and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

I. An award to Otsuka of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

J.     An award to Otsuka of any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com

*Attorneys for Plaintiff
Otsuka Pharmaceutical Co., Ltd.*

OF COUNSEL:

John D. Murnane
Alicia A. Russo
Zachary L. Garrett
Stephen Krachie
Taskeen Aman
Jacqueline Zahn
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036

March 5, 2026